UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JOSUE BAUTISTA, individually and on behalf of all others similarly situated,

                        Plaintiff,

    -against-

MC AND O CONSTRUCTION INC., OWEN OREILLY and EAMONN MCDONNELL, as individuals,

                        Defendants.
-------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiff **JOSUE BAUTISTA**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, bring this action against **MC AND O CONSTRUCTION, INC., OWEN O'REILLY and EAMONN MCDONNELL, as individuals,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 1882 Flushing Ave., Ridgewood, NY 11385.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff JOSUE BAUTISTA residing at Bronx, NY 10472 was employed by MC and O CONSTRUCTION, INC., from in or around January 2021 until in or around July 2021.

8. Upon information and belief, Defendant MC and O CONSTRUCTION, INC., is a New York domestic business corporation, organized under the laws of the State of New York with principal executive offices located at 1882 Flushing Ave., Ridgewood, NY 11385.

9. Upon information and belief, Defendant OWEN O'REILLY is the owner of MC and O CONSTRUCTION, INC.

10. Upon information and belief, Defendant OWEN O'REILLY is an agent of MC and O CONSTRUCTION, INC.

11. Upon information and belief, Defendant OWEN O'REILLY is responsible for overseeing the daily operations of MC and O CONSTRUCTION, INC.

12. Upon information and belief, OWEN O'REILLY has power and authority over all the final personnel decisions of MC and O CONSTRUCTION, INC.

13. Upon information and belief, OWEN O'REILLY has the power and authority over all final payroll decisions of MC and O CONSTRUCTION, INC., including the Plaintiff.

14. Upon information and belief, OWEN O'REILLY has the exclusive final power to hire the employees of MC and O CONSTRUCTION, INC., including the Plaintiff.

15. Upon information and belief, OWEN O'REILLY has exclusive final power over the firing and terminating of the employees of MC and O CONSTRUCTION, INC., including Plaintiff.

16. Upon information and belief, OWEN O'REILLY is responsible for determining, establishing, and paying the wages of all employees of MC AND O

CONSTRUCTION, INC., including the Plaintiff, setting his work schedules, and maintaining all their employment records of the business.

17. Accordingly, at all relevant times hereto, Defendant OWEN O'REILLY was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

18. Upon information and belief, Defendant EAMONN MCDONNELL is the Chairman and Chief Executive Officer of MC and O CONSTRUCTION, INC.

19. Upon information and belief, Defendant EAMONN MCDONNELL is an agent of MC and O CONSTRUCTION, INC.

20. Upon information and belief, Defendant EAMONN MCDONNELL is responsible for overseeing the daily operations of MC and O CONSTRUCTION, INC.

21. Upon information and belief, EAMONN MCDONNELL has power and authority over all the final personnel decisions of MC and O CONSTRUCTION, INC.

22. Upon information and belief, EAMONN MCDONNELL has the power and authority over all final payroll decisions of MC and O CONSTRUCTION, INC., including the Plaintiff.

23. Upon information and belief, EAMONN MCDONNELL has the power to hire the employees of MC and O CONSTRUCTION, INC., including the Plaintiff.

24. Upon information and belief, EAMONN MCDONNELL has the power over the firing and terminating of the employees of MC and O CONSTRUCTION, INC., including Plaintiff.

25. Upon information and belief, EAMONN MCDONNELL is responsible for determining, establishing, and paying the wages of all employees of MC AND O CONSTRUCTION, INC., including the Plaintiff, setting his work schedules, and maintaining all their employment records of the business.

26. Accordingly, at all relevant times hereto, Defendant OWEN O'REILLY was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

27. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that MC AND O CONSTRUCTION, INC., (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the

production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

28. Plaintiff JOSUE BAUTISTA was employed by MC AND O CONSTRUCTION, INC. as a mason while performing related miscellaneous duties for the Defendants, from in or around January 2021 until in or around July 2021.
29. Plaintiff JOSUE BAUTISTA regularly worked five (5) to six (6) days per week during his employment with the Defendants.
30. Plaintiff regularly worked Monday through Friday each week and also worked Saturdays approximately half of the weeks of his employment.
31. Plaintiff JOSUE BAUTISTA regularly worked a schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 6:00 p.m., five (5) days per week from in or around January 2021 until in or around July 2021.
32. When Plaintiff JOSUE BAUTISTA also worked Saturdays, he worked from approximately 8:00 a.m. to 4:00 p.m.
33. Thus, Plaintiff was regularly required to work approximately fifty-five (55) to sixty-three (63) hours each week from in or around January 2021 until in or around July 2021.
34. Plaintiff JOSUE BAUTISTA was paid by Defendants a flat weekly rate of approximately $900.00 per week from in or around January 2021 until in or around July 2021.
35. Plaintiff was paid by Defendants in a combination of check and cash each week.
36. Although Plaintiff regularly worked approximately fifty-five (55) to sixty-three (63) hours each week from in or around January 2021 until in or around July 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

37. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
38. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.
39. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English, of his applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).
40. Upon information and belief, Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).
41. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff brings this action on behalf of himself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."
43. Collective Class: All persons who are or have been employed by the Defendants as masons or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.
44. Upon information and belief, Defendants employed approximately 30 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.
45. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.
46. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

47. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

48. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

49. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

50. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

51. The claims of Plaintiff are typical of the claims of the whole putative class.

52. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

53. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

55. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

56. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

57. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

58. Defendants willfully failed to pay Plaintiff's overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

59. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

60. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

**Overtime Wages Under New York Labor Law**

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

63. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

64. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

65. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).

67. Defendants are liable to Plaintiff in the amount of $5,000 together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

68. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

70. Defendants are liable to Plaintiffs in the amount of $5,000 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiffs prejudgment and post-judgment interest;

e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated:   November 15, 2022
           Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSUE BAUTISTA, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

MC AND O CONSTRUCTION, INC., OWEN OREILLY and EAMONN MCDONNELL, as individuals,

Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

**Service via Secretary of State and Personal Service:**
**MC AND O CONSTRUCTION, INC. (DOS ID#1509693)**
P.O. Box 780187, Maspeth, NY 11378

1882 Flushing Ave., Ridgewood, NY 11385

**OWEN OREILLY**
1882 Flushing Ave., Ridgewood, NY 11385

**EAMONN MCDONNELL**
1882 Flushing Ave., Ridgewood, NY 11385