UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSUE BAUTISTA, *individually and on behalf of all others similarly situated*,

                      Plaintiff,

      -against-

MC AND O CONSTRUCTION INC., *et al.*,

                      Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
22 CV 6952 (CLP)

**POLLAK**, United States Magistrate Judge:

Plaintiff Josue Bautista ("plaintiff") commenced this action on November 15, 2022, alleging that MC and O Construction Inc., along with Owen O'Reilly and Eamonn McDonnell, as individuals (collectively, "defendants"), violated the overtime wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and New York Labor Law ("NYLL") §§ 190 et seq. and §§650 et seq., by paying him a flat weekly rate of $900 and failing to pay him overtime pay for hours worked in excess of 40 hours per week. (Compl.[1] ¶ 36). Plaintiff also alleged that defendants failed to post notices of wage requirements, failed to maintain payroll records, and failed to provide written notice of plaintiff's actual rate of pay. (Id. ¶¶ 37–40).

On May 16, 2023, the parties attended mediation, and by way of letter dated July 26, 2023, the parties informed the Court that they had reached a settlement in principle. (ECF No. 22). Thereafter, on August 11, 2023, the parties filed their joint motion for approval of settlement of the FLSA and NYLL claims, as well as for attorney's fees and costs on the part of plaintiff's counsel (the "Motion" or "Mot."). (ECF No. 23). In support of the Motion, the parties attached a copy of the proposed settlement agreement (the "Agreement" or "Agr.") (ECF

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed November 15, 2022. (ECF No. 1).

1

No. 23-1). On October 10, 2023, plaintiff's counsel submitted a letter attaching counsel's billing records (ECF No. 27-1) and expense invoices (ECF No. 27-2) in support of the requested attorney's fees and costs. (ECF No. 27, Ex. 1, 2).

On October 2, 2023, the Court held a fairness hearing pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 200 (2d Cir. 2015). (See Minute Entry, dated October 4, 2023). The parties consented to the undersigned's jurisdiction for all purposes shortly thereafter. (ECF Nos. 26, 28).

For the reasons set forth in this Order, the Court finds that the parties' settlement agreement, including the provision therein providing for attorney's fees and costs, is fair and reasonable under Second Circuit caselaw. This Court therefore grants the Motion for Settlement Approval.

## FACTUAL BACKGROUND

Plaintiff alleges that he was employed by defendants as a construction worker for approximately six months in 2021. (Mot. at 1). Plaintiff claims that during that time, he was paid a flat weekly rate of approximately $900 per week despite regularly working 55 to 63 hours per week. (Compl. ¶ 36). He alleges that during that time, he was not paid one and one-half times the regular rate of pay for the hours worked over forty in a week. (Id.) Plaintiff also claims that the defendants failed to keep payroll records and failed to provide him with written notice of his pay rate. (Id. ¶¶ 37-40).

Defendants deny liability, maintain that plaintiff only worked for defendants for approximately nine weeks based on their records, and claim that he was paid for all hours worked. (Mot. at 2). Plaintiff disputes this and contends that defendants' records did not capture the full period of plaintiff's employment. (Id.)

DISCUSSION

I. Settlement Approval

    A.    Legal Standard

Parties may not "privately settle FLSA claims with a stipulated dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41 absent the approval of the district court . . . ." Fisher v. SD Prot. Inc., 948 F.3d 593, 599 (2d Cir. 2020) (citing Cheeks v. Freeport Pancake House, Inc., 796 F.3d at 200). In determining whether to approve a FLSA settlement, courts consider whether the agreement "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 WL 9398950, at *1 (E.D.N.Y. June 12, 2008) (alteration in original) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)). Courts within this Circuit have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Fisher v. SD Prot. Inc., 948 F.3d at 600 (quoting Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *6 (E.D.N.Y. Jan. 25, 2018) (applying the Wolinsky factors).

In addition to the Wolinsky factors, Cheeks and its progeny demand that courts review proposed settlements for pernicious and abusive provisions that do not further "the unique policy considerations underlying the FLSA . . . ." Cheeks v. Freeport Pancake House, Inc., 796 F.3d at 206. This includes "highly restrictive confidentiality provisions" and "overbroad releases that

3

'would waive practically any possible claim against the defendants, including unknown claim and claims that have no relationship whatsoever to wage-and-hour issues.'" Allen v. County of Nassau, No. 22 CV 1572, 2023 WL 4086457, at *5 (E.D.N.Y. June 20, 2023) (quoting Cheeks v. Freeport Pancake House, Inc., 796 F.3d at 206)); see also Lopez v. Bell Blvd Bakery LLC, No. 15 CV 6953, 2016 WL 6156199, at *2 (E.D.N.Y. Oct. 3, 2016) (collecting cases and explaining that confidentiality and broad general release clauses are impermissible), report and recommendation adopted, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016).  Courts in this Circuit have also rejected FLSA settlements that include bans on future employment and non-disparagement clauses that do not contain a carve-out for truthful statements.  See Ortiz v. My Belly's Playlist LLC, 283 F. Supp. 3d 125, 126 (S.D.N.Y. 2017) (holding that a settlement clause in which plaintiffs agree to never seek re-employment with defendant contravenes the FLSA); Martinez v. Gulluoglu LLC, No. 15 CV 2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (holding that for a non-disparagement clause to be permissible in an FLSA settlement agreement, "it must include a carve-out for truthful statements about plaintiffs' experience litigating their case").

"When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." Fisher v. SD Prot. Inc., 948 F.3d at 606 (citing Evans v. Jeff D., 475 U.S. 717, 727 (1986)).  "[E]ven though a district court has a duty to review an FLSA settlement for reasonableness to prevent any potential abuse, this does not grant the court authority to rewrite contract provisions it finds objectionable." Id. at 606.  Rather, if a court finds one or more provisions of an FLSA settlement agreement to be unreasonable, the court must reject the proposed settlement. Id. at 605.

4

B.  Analysis

The Court addresses each of the relevant terms of the Agreement in turn and, for the reasons discussed below, finds that the terms of the Agreement are fair and reasonable.

1.  Monetary Terms

The parties agreed to resolve all of plaintiff's claims for $15,000, inclusive of attorney's fees and costs (the "Total Settlement Amount"). (Agr. ¶ 1). Under the terms of the Agreement, the Total Settlement Amount will be distributed as follows:

- Total Settlement Amount: **$15,000.00** (Agr. ¶ 1; Mot. at 3)

- Total Attorney's Fees & Costs: **$6,166.00** (Agr. ¶ 1; Mot. at 3)

    o Costs: $1,749.00, consisting of the Filing Fee of $402, Service Costs of $797, and Mediation Fee of $550 (Mot. at 3; ECF No. 27-2)

    o Attorney's Fees: $4,417, equal to one-third of the settlement amount less costs as agreed to in the retainer agreement (Mot. at 3; ECF No. 27-1)

- Net Settlement Amount payable to plaintiff (i.e., Total Settlement Amount, less Total Attorney's Fees and Costs): **$8,834.00**

The parties reached the monetary terms set forth above with the assistance of an independent mediator and after substantial negotiations and arm's-length bargaining. (Mot. at 2). The parties believe that the settlement amount is reasonable given the factual disputes surrounding the duration of plaintiff's employment and the defendants' records on that issue. (Id.) Finally, both parties are represented by experienced counsel. (Id. at 4). Each of these factors weigh in favor of settlement approval. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335.

Moreover, the Court concludes that plaintiff's distribution under the Agreement—$8,834.00—represents a fair and reasonable compromise of plaintiff's claims given the inherent

5

risks and burdens that plaintiff would face in pursuing his claims. Plaintiff estimates that he was owed approximately $19,000 in unpaid overtime wages, in addition to other unspecified monetary relief available under the FLSA and NYLL. (Mot. at 2). The Net Settlement Amount payable to plaintiff under the Agreement thus amounts to approximately 47% of plaintiff's projected maximum overtime wage recovery. Given the other factors noted above and the risks of continued litigation, the Court concludes that this rate of recovery, and the settlement amount more generally, is fair and reasonable. See Boyle v. Robert M. Spano Plumbing & Heating, Inc., No. 15 CV 2899, 2016 WL 1688014, at *4 (S.D.N.Y. Apr. 27, 2016) (collecting cases wherein the rate of recovery was a central factor in considering the fairness of the settlement).

### 2. Non-Monetary Terms

Turning to the non-monetary terms of the Agreement, the release and bar on future lawsuits is narrowly tailored to claims "which were alleged in the Complaint filed in this action, specifically including [FLSA] and [NYLL], and is associated regulations concerning unpaid wages, record-keeping violations and failure to provide proper wage notice or wage statements" and claims "based on or arising out of any acts, omissions, conduct, thing, or matter . . . [that] relat[es] to or aris[es] out of wages, hours, overtime, or wage dedecutions," that arise under or relate to violations of the FLSA and/or NYLL, or that arise under any "actual or alleged express or implied contract, or under any common law in regard to work hours, overtime, and/or payment of wages." (Agr. ¶ 8) Moreover, the Agreement does not contain any confidentiality clauses, bans on future employment, or unqualified non-disparagement clauses, all of which have previously been rejected by courts in this Circuit. See p. 4 supra. The Court therefore concludes that the non-monetary terms of the Agreement are fair and reasonable.

II.     Attorney's Fees and Costs

    A.     Legal Standard

In addition to the fairness inquiry described above, courts assessing the proposed settlement of FLSA claims must also examine any request for attorney's fees and costs, irrespective of whether the fee allotment is included within the terms of the settlement agreement. See, e.g., Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013)); Fisher v. SD Prot. Inc., 948 F.3d at 600 (noting that the need to review attorney's fees and costs may arise in the FLSA context both "where the settlement agreement reserves the questions of fees and costs for the court to decide" and where the settlement "incorporat[es] attorneys' fees and costs into the settlement amount").[2] The fee applicant must always submit adequate documentation supporting the requested attorney's fees and costs. See Fisher v. SD Prot. Inc., 948 F.3d at 600 (citing cases); see also Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 182 (S.D.N.Y. 2015) (noting that "[c]ourts deny unsubstantiated FLSA fee requests and will decrease a requested fee if the hours billed are unreasonable or the hourly rate too high").

With respect to attorney's fees, courts in this Circuit have routinely found an award representing one-third of the settlement amount (after deduction of costs) to be reasonable. See Allen v. County of Nassau, 2023 WL 4086457, at *5 (collecting cases).[3] However, "[w]hile 33% fee awards are routinely approved for FLSA settlements, the Court is obliged to

---

[2] "Under the FLSA and the NYLL, a prevailing plaintiff is entitled to reasonable attorneys' fees and costs." Id. at 600 (citing 29 U.S.C. § 216(b); NYLL § 663(1); Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 151 (2d Cir. 2008)). The parties may agree to provide for attorney's fees and costs from the settlement amount rather than having plaintiff's counsel seeking them via a separate fee application.

[3] The Second Circuit has made clear that although a 33% fee award is commonplace in FLSA settlements, there is no "maximum fee percentage" or "proportionality limit" on attorney's fees under the FLSA's fee-shifting provision, and that a fee percentage in excess of 33% of the total settlement amount may well be reasonable in many FLSA cases. Fisher v. SD Prot. Inc., 948 F.3d at 602–05; see also Wang v. Masago Neo Asian Inc., No. 14 CV 6249, 2016 WL 7177514, at *4 (E.D.N.Y. Sept. 26, 2016) (approving a fee of 40%).

7

independently ascertain the reasonableness of the fee award . . . ." Heiloo v. Fruitco Corp., No. 18 CV 1917, 2019 WL 5485205, at *3 (S.D.N.Y. Oct. 25, 2019). Thus, "even when the proposed fees do not exceed one third of the total settlement amount, courts in this Circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." Santos v. YMY Mgmt. Corp., No. 20 CV 1992, 2021 WL 431451, at *2 (S.D.N.Y. Feb. 8, 2021).

In conducting a lodestar cross check, "courts must multiply a reasonable number of hours for the case" with a reasonable hourly rate for the attorney(s) requesting the fee. Allen v. County of Nassau, 2023 WL 4086457, at *5; see also Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546, 551–52 (2010); Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011). What constitute a "reasonable number of hours" and a "reasonable hourly rate" will vary from case-to-case and attorney-to-attorney, and courts will often examine both the experience and expertise of the attorney as well as the complexity of the case. See Allen v. County of Nassau, 2023 WL 4086457, at *5 (collecting cases); Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 27–29 (S.D.N.Y. 2015) (noting that in FLSA actions, rates between $150 and $450 per hour may be appropriate depending on the experience of the attorney).

There is a strong presumption that the requested fee is reasonable if it equals or is less than the lodestar fee. See Millea v. Metro-N. R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (noting that both the Second Circuit and Supreme Court "have held that the lodestar . . . creates a 'presumptively reasonable fee'" (quoting Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir.2008))). Courts in this Circuit have, however, applied a multiplier to the lodestar calculation to permit fees greater than the lodestar amount, within reason. See, e.g., Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (holding that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk

8

associated with contingent fees in FLSA cases"); <u>Velandia v. Serendipity 3, Inc.</u>, No. 16 CV 1799, 2018 WL 3418776, at *5 (S.D.N.Y. July 12, 2018) (finding a multiplier of 1.2 to be a "reasonable lodestar modifier"); <u>Wang v. Masago Neo Asian Inc.</u>, 2016 WL 7177514, at *4 n.1 (collecting cases); <u>but see</u> <u>Larrea v. FPC Coffees Realty Co.</u>, No. 15 CV 1515, 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017) (recognizing that a one-third percentage award was "simply too great" in relation to the work performed where such an award would result in a 11.4 multiplier of the lodestar calculation).

With respect to costs, courts typically award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." <u>Fisher v. SD Prot. Inc.</u>, 948 F.3d at 600 (quoting <u>Reichman v. Bonsignore, Brignati & Mazzotta P.C.</u>, 818 F.2d 278, 283 (2d Cir. 1987)); <u>see also</u> <u>Mitland Raleigh-Durham v. Myers</u>, 840 F. Supp. 235, 239 (S.D.N.Y. 1993) (noting that courts often award costs that are "incidental and necessary to [plaintiff's] representation").

      B.    <u>Analysis</u>

As noted above, the Agreement includes a payment of $6,166 in combined attorney's fees and costs, which is to be paid from the Total Settlement Amount. (<u>See</u> Mot. at 3). The Court is obligated to assess the fairness and reasonableness of those awards.

The $4,417 in attorney's fees provided for by the Agreement amount to 33.33% of the Total Settlement Amount less costs and are thus presumptively reasonable. <u>See</u> <u>Romero v. Westbury Jeep Chrysler Dodge, Inc.</u>, No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016); <u>Allen v. County of Nassau</u>, 2023 WL 4086457, at *5. Moreover, the record indicates that plaintiff's counsel is experienced with these matters and served to represent plaintiff's interest, further supporting approval. (<u>See</u> Mot. at 4).

9

As for the lodestar cross check, plaintiff's counsel's firm billed a total of $9,417.50 based on 36.2 hours of work at rates ranging from $425 per hour for the partner, $250 and $175 for the associates who worked on the matter, and $75 for the time spent by the paralegal. (See ECF No. 27-1). These hourly rates are well within the range of reasonableness and serve as an appropriate measure of a reasonable fee for purposes of the lodestar cross check. See Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d at 27–29. Likewise, the 36.2 hours billed by plaintiff's counsel appear reasonable given the circumstances. Since the requested fees of $4,417 are significantly below the lodestar, there is a presumption that the requested fees are reasonable. See Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001) (noting that there is a "strong presumption" that the lodestar figure "represents a reasonable fee"). Taken with the other indicia of reasonableness noted above, the Court concludes that a payment of $4,417 in attorney's fees, as provided for by the Agreement, is fair and reasonable.

The requested costs represent filing fees, process server fees, and mediation fees. (ECF No. 27-2). The amount requested appears appropriate and these types of costs may be awarded in FLSA cases. See Mitland Raleigh-Durham v. Myers, 840 F. Supp. at 239. The Court therefore concludes that a payment of $1,749 in costs from the Total Settlement Amount is fair and reasonable.

III.   Retention of Jurisdiction

The parties filed with their Motion a Stipulation and Proposed Order of Dismissal, which includes a provision under which the Court will retain jurisdiction to enforce the parties' agreement. (ECF No. 25). Although a court's approval of a settlement agreement under Cheeks does not alone result in the court retaining jurisdiction, Kim v. WJ Grp., Inc., No. 18 CV 3833, 2020 WL 13695808, at *2 (E.D.N.Y. Nov. 2, 2020) (collecting cases), it is nonetheless within

10

this Court's authority to retain jurisdiction by way of explicit order. A so-ordered version of the parties' proposed order is thus affixed to this Order as Appendix A.[4]

## CONCLUSION

After holding a fairness hearing and reviewing the parties' submissions, the Court finds that the settlement agreement reached—including the provisions providing for attorney's fees and expenses—is a fair and reasonable compromises of plaintiff's claims. The Court reached its determination after considering the amount received, the issues that might have limited recovery, and the fact that the parties engaged in arms' length negotiations between experienced counsel. See Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 355 (examining the factors courts consider when approving FLSA settlement agreements).

The parties' motion for settlement approval is therefore GRANTED. The Clerk of Court is directed to close the case.

**SO ORDERED.**

Dated: Brooklyn, New York
        January 10, 2024

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

---

[4] Plaintiff also filed a notice of voluntarily dismissal as to Eamonn Mcdonnell, who never appeared in this action. (ECF No. 24). Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, that notice does not require an order of this Court to have effect.

# APPENDIX A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOSUE BATISTA,**<br><br>                              **Plaintiff,**<br> -against-<br><br>**MC AND O CONSTRUCTION INC., OWEN O'REILLY, and EAMONN MCDONNELL, as individuals,**<br><br>                              **Defendants.** | CIVIL ACTION NO:<br>**22-CV-6592**<br><br>STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE |

IT IS HEREBY STIPULATED AND ORDERED that the above-captioned action and all claims asserted therein by Plaintiff are hereby dismissed in their entirety and with prejudice as against Defendants MC and O Construction Inc. and Owen O'Reilly, and with no award of attorneys' fees or costs by the Court to any party, except as provided in the Settlement Agreement.

IT IS FURTHER STIPULATED AND ORDERED that this Court shall retain jurisdiction over this matter in the event either party defaults with respect to their obligations under the Agreement and to enforce the terms of the Agreement.

| | |
|---|---|
| Helen F. Dalton & Associates, P.C.<br>80-02 Kew Gardens Road, Suite 601<br>Kew Gardens, NY 11415 | Goetz Fitzpatrick LLP<br>One Penn Plaza, Suite 3100<br>New York, NY 10119 |
| By: *James O'Donnell*<br>James O'Donnell, Esq.<br>jamespodonnell86@gmail.com<br>Attorneys for Plaintiff | By: /s/Michael Fleishman<br>Michael Fleishman, Esq.<br>mfleishman@goetzfitz.com<br>Attorneys for Defendants, MC And O Construction Inc. and Owen O'Reilly |

SO-ORDERED:

/s/ Cheryl L. Pollak

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
January 10, 2024